United States District Court
Northern District of Indiana

NELLO INC. d/b/a NELLO CORP.,

    Plaintiff,

    v.

SECURE COMMUNICATIONS INC.,

    Defendant.

Civil Action No. 3-09-CV-320 JVB

**OPINION AND ORDER**

Plaintiff and Counterdefendant Nello Inc. has filed a motion for summary judgment on its complaint against Defendant Secure Communications Inc. ("SCI") and SCI's counterclaim (DE 79). Secure has not responded to the motion.

**A.    Summary Judgment Standard**

A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**B.** **Discussion**

The affidavit of Kevin Brisson that accompanies Nello's memorandum in support of its motion establishes that Nello delivered an aerial tower to SCI. It charged SCI a total of $73,083.96 which it billed by an invoice issued on September 16, 2008, for $69,007.06; and an invoice issued on October 30, 2008, for $4,076.90. In addition, SCI had agreed, in a document entitled "Terms and Conditions of Sale and Credit," ("Agreement") to pay interest at the rate of 2% per month on invoices not paid within thirty days, which amounts to $86,156.83 through September 30, 2013, and $48.05 per diem from October 1, 2013, through the date of judgment. In the Agreement SCI also committed to pay all costs of collection, including attorney's fees. The affidavits of Brisson, and attorneys Thomas Botkin and Mark Boveri establish that Nello incurred $72,168 in attorneys fees through May 2013. SCI has come forward with no evidence

to counter Nello's affidavits. Accordingly, the Court adopts the facts as set out in Nello's affidavits and finds that Nello is entitled to summary judgment on its complaint against SCI in the amounts set out in the affidavits.

In its counterclaim, SCI alleges that cell towers it purchased from Nello are defective, such that Nello has breached the contract between the parties and the warranty Nello gave in the Agreement. However SCI has not produced evidence to substantiate its breach of contract and warranty claims. Thus SCI has failed to demonstrate that there is an issue for trial and Nello is entitled to summary judgment that SCI take nothing by its counterclaim.

**C.     Conclusion**

For the foregoing reasons, the Court **GRANTS** the motion of Plaintiff and Counterdefendant Nello Inc. for summary judgment (DE79). Nello shall have judgment against Secure Communications Inc. in the amount of $231,408.79 together with prejudgment interest at the rate of $48.05 from October 1, 2013, to the date of judgment, plus costs. Secure Communications Inc. shall take nothing by its counterclaim. The Clerk is directed to enter final judgment on this order.

SO ORDERED on June 2, 2014.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division